UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>AARON BALDWIN, )<br>)<br>    Defendant. ) | Nos. 4:96CR97 ERW<br>        4:97CR475 ERW |

**MOTION UNDER SECTION 404 OF THE FIRST STEP ACT FOR RETROACTIVE REDUCTION IN SENTENCE**

     Comes now Aaron Baldwin, through his attorney, Lee T. Lawless and respectfully requests that this Court reduce his sentence from 322 months to 248 months, the sentence that could have been imposed "if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  The First Step Act of 2018, Senate Bill 115-756.

*Introduction*:

     1.     Aaron Baldwin is 50 years old; he was 29 in 1998 when he was sentenced.  He has been in prison for over 21 years.  He has no prior convictions for violent offenses. Presentence Investigation Report ("PSR") Cover Page ("In federal custody since November 25, 1997") & pp. 5 – 7.  His institutional record does not indicate that he would be a danger to the community if the Court reduces his sentence.  He earned his GED, has completed a number of educational and self-improvement programs, and has worked for UNICOR at many of the Bureau of Prisons locations where he lived over the years. *See* Cause No. 4:96CR97 ERW, Doc. # 28 at 12 (July 5, 2012).

     2.     The First Step Act gives the Court authority to impose a reduced sentence in Mr. Baldwin's case after considering "the new statutory range, the guideline range, the factors in 18 U.S.C.

§ 3553(a), and evidence of post-sentencing mitigation." *See United States v. Shelton,* 2019 WL 1598921 * 2 (D. S.C. April 15, 2019).

3. Mr. Baldwin was sentenced for the offenses charged in both 4:96CR97 ERW and 4:97CR475 ERW based on the same Presentence Investigation Report ("PSR"), on the same day, and in the same Judgment. *See* Doc. # 24 Sentence & Judgment, April 10, 1998. His sentence in both cases was calculated as if they involved multiple counts in the same indictment. In order to sentence him "as if" the provisions of the Fair Sentencing Act of 2010 were in place at the time he was originally sentenced, as required by the First Step Act, the Court must unbundle all the sentences and re-sentence him on all counts.

4. Mr. Baldwin asks the Court to reduce his sentence to concurrent terms of 188 months on both of the cocaine base Counts (Count I of 4:96CR97 ERW and Count I of 4:97CR475 ERW), which is the low end of the Career Offender Guidelines range on Count I of 4:96CR97 ERW, and a variance of 74 months on count I of 4:97CR475 ERW. With the additional mandatory 60 months for Count III of 4:97CR475 ERW, the total aggregate sentence would be 248 months which Mr. Baldwin has already served.

*Sentencing History*:

5. Mr. Baldwin was charged with Possession with Intent to Distribute 222.07 grams of cocaine base in cause number 4:96CR97 ERW. On January 6, 1998, Mr. Baldwin pled guilty to this offense and to another similar drug distribution offense and Carrying a Firearm in Relation to a Drug Trafficking Offense charged in Counts I and III of Cause No. 4:96CR00475 ERW.

6. In 1998, Mr. Baldwin's then-mandatory range of punishment for both Count I in cause number 4:96CR97 ERW and Count I in Cause No. 4:96CR00475 ERW, was determined by the Career Offender Guideline. PSR ¶19. The Career Offender Guideline assigns offense levels based on the

statutory maximum sentence for the underlying offenses. See U.S.S.G. § 4B1.1(a); 21 U.S.C. § 841(b)(1)(A) (1998). Mr. Baldwin's Criminal History category was IV, but because he qualified for application of the Career Offender enhanced sentence, his Criminal History category was VI. See Career Offender Guideline U.S.S.G. § 4B1.1(b) (If a defendant qualifies as a career offender apply the Criminal History category of VI).

7. Mr. Baldwin's mandatory range of punishment was 262 to 327 months, plus an additional consecutive 60 months for the § 924(c) offense in Count III of Cause No. 4:96CR00475 ERW. PSR ¶ 68.

8. The Court imposed the lowest sentence possible at that time: 262 months on both drug cases to run concurrently to each other, and 60 months consecutive for the § 924(c) offense for an "aggregate" total of 322 months. Doc. # 24 Sentence & Judgment, April 10, 1998, at 2.

9. In 2008 and 2012, Mr. Baldwin petitioned the Court for a sentence reduction due to the retroactive amendments to the Guideline applicable to his cocaine base offenses. However, he was not eligible because he had been sentenced based on the Career Offender Guideline and not based on the cocaine base Guidelines that were retroactively amended. See Cause No. 4:96CR97 ERW, Doc. #28, #44, and #47.

*Application of The First Step Act Reduces Aaron Baldwin's Sentence*:

10. Section 404 (b) of the First Step Act states that a court may reduce a defendant's sentence for a cocaine base conviction as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111 – 220; 124 Stat. 2372) were in effect at the time the defendant's offense was committed.

11. The First Step Act allows for a sentence reduction for Mr. Baldwin because he was convicted of an offense covered by the First Step Act. A "covered offense" means a violation of a statute, for which the penalties "were modified by section 2 or 3 of the Fair Sentencing Act of 2010."

3

Section 404(a) First Step Act, 2018 (Definition of "Covered Offense").  Count I of 4:96CR97 ERW involved a penalty that was modified by the Fair Sentencing Act of 2010.

12.     Under the Fair Sentencing Act of 2010,[1] the quantity of cocaine base that must be charged in an Indictment to trigger the statutory maximum punishment of Life was increased to 280 grams or more.  21 U.S.C. § 841(b)(1)(A)(2018).  The quantity of cocaine base charged in Mr. Baldwin's Indictment in Cause Number 4:96CR97 ERW is 222.07 grams.  Therefore, the statutory maximum sentence applicable to this offense (which determines the Career Offender Guideline offense level) under the Fair Sentencing Act of 2010, was reduced from Life to 40 years. *See* 21 U.S.C. § 841(b)(1)(**B**) (maximum statutory punishment of 40 years for between 28 and 280 grams of cocaine base).

13.     If the Court were to impose a sentence in Mr. Baldwin's case "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time his offense was committed," the quantity of cocaine base in the Cause Number 4:96CR97 ERW Indictment (222.07 grams) is no longer punishable by a maximum sentence of Life.  Therefore, if sentenced under the Fair Sentencing Act of 2010, Mr. Baldwin's base offense level for that case would be 34.  *See* U.S.S.G. § 4B1.1(b)(2)(2018).  With the lower base offense level, and after subtracting three levels for acceptance of responsibility under U.S.S.G. § 3E1.1, Mr. Baldwin's total offense level would be 31.  In the Career Offender Criminal History category of VI, his Guidelines range of punishment would be 188 - 235 months in prison.  *See e.g. United States v. Charles Norman,* Cause No. 4:08CR480 HEA Doc. # 49 Amended Judgment (E.D. MO March 6, 2019) (Defendant sentenced as a Career Offender is re-sentenced under the First Step Act, due to application of the Fair Sentencing Act of 2010, that changed the statutory maximum sentences applicable to cocaine base offenses).

---

[1] Public Law 111-220; 124 Stat. 2372.

*The Court Has Authority to Reduce Aaron Baldwin's Total Sentence*:

14. In 1998, Mr. Baldwin's mandatory Guidelines sentence for the offenses in both cause numbers 4:96CR97 ERW and 4:97CR475 ERW was calculated together by application of the grouping rules of Chapter Three. PSR ¶ 12. *See also* United States Sentencing Commission, *Guidelines Manual,* Ch. 3, Pt. D, intr. Comment. (Nov. 1, 2018) which adds clarification to the intr. Comment of same Chapter U.S.S.G. 1998, (The grouping rules "apply to multiple counts of conviction (A) contained in the same indictment or information; or (B) **contained in different indictments** or informations **for which sentences are to be imposed at the same time** or in a consolidated proceeding"). Emphasis added; *See also United States v. Wilson,* 593 Fed. Appx. 942, 945 (11th Cir. 2014) (Sentence vacated and remanded where counts for which defendant was sentenced at the same time were contained in different indictments and the district court should have applied the grouping rules).

15. Thus, the sentences imposed on Count I of 4:96CR97 ERW and Count I of 4:97CR475 ERW were calculated as if they were multiple counts in the same indictment and the grouping rules were applied. In order to re-sentence a Mr. Baldwin "as if" the provisions of the Fair Sentencing Act were in place at the time he was originally sentenced, the Court must unbundle the sentence imposed in both cases, and re-sentence him on all counts.

16. When a sentence on multiple counts that are intertwined is to be changed after one of the counts is vacated on appeal or under 28 U.S.C. § 2255, "severing part of the total sentence usually will unbundle it." *United States v. Evans,* 314 F.3d 329, 332 (8th Cir. 2003) quoting U*nited States v. Smith,* 103 F.3d 531, 533-35 (7th Cir. 1996). Recently, in *United States v. Ritchison,* the Eighth Circuit noted that when a sentence is based on multiple counts and the court is directed to correct a sentence as it deems appropriate, the vacation of one conviction requires resentencing on the others as well. *United*

5

*States v. Ritchison,* 887 F.3d 365, 368 (8th Cir. 2018);[2] *See also Gardiner v. United States,* 114 F.3d 734, 736 (8th Cir. 1997) (Even when a consecutive sentence under § 924(c) is vacated via a successful § 2255 petition, because the § 924(c) count was "intertwined" with drug counts, the defendant must be re-sentenced on those counts as well).

17.    Like a sentence that is vacated on appeal or under § 2255, the First Step Act calls for the District Court to correct a sentence based on the Fair Sentencing Act of 2010, as it deems appropriate. Therefore, under the Eighth Circuit's "package doctrine," application of § 404(b) of the First Step Act requires a re-sentencing on all the counts of a multiple count sentence.[3]

18.    Mr. Baldwin's sentence was "packaged" by the grouping rules of the then-mandatory Guidelines. His sentence was also "packaged" by the Court and the parties in the Stipulation of Facts (4:96CR97 ERW Doc. #19; 4:97CR475 Doc. # 19), and at sentencing (4:96CR97 ERW Doc. #22; 4:97CR475 Doc. # 21 facts). The sentences in both cases are "packaged" in the same Judgment. (4:96CR97 ERW Doc. # 24 & 4:97CR475 Doc. # 2).

19.    In a case such as Mr. Baldwin's, in order to re-sentence him "as if" the provisions of the Fair Sentencing Act were in place at the time he was originally sentenced, the Court must unbundle the entire sentencing package and re-sentence him on all counts in both 4:96CR97 ERW and 4:97CR475 ERW.

---

[2] In *Ritchison* the Eighth Circuit did not require the district court to "unbundle" the defendant's sentence because it was based on a single count and was subject to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C).

[3] The First Step Act does not impose the same limitations on this Court's authority to conduct a full re-sentencing after unbundling the sentences originally imposed as 18 U.S.C. § 3582(c) does. *See Dillon v. United States,* 560 U.S. 817, 825 – 826 (2010) (The Sentencing Commission's policy statement specifically states that proceedings under 18 U.S.C. § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3)).

*Aaron Baldwin's Sentence Reduction Under First Step Act:*

20.  There is no indication that Congress, when enacting the First Step Act, intended that courts fashioning sentence reductions should disregard years of Supreme Court jurisprudence decided after the defendants' original sentencings.  In fact, the opposite is true.  *See e.g.* S. Comm. on the Judiciary, 115th Cong., *Fact Sheet, The First Step Act of 2018* (S.3649) – as introduced 2 (Nov. 15, 2018) ("This section allows prisoners sentenced before the Fair Sentencing Act of 2010 reduced the 100-to-1 disparity in sentencing between crack and powder cocaine to petition the court for an *individualized review* of their case. *This reform would bring sentences imposed prior to 2010 in line with sentences imposed after the Fair Sentencing Act was passed*"). Emphasis added.

21.  Unlike the limits placed on this Court's sentencing power in 1998 when Mr. Baldwin was sentenced, or the restrictions on reductions permitted when the Guidelines are amended retroactively under 18 U.S.C. § 3582(c)(2), Section 404(b) of the First Step Act grants broad authority to apply current sentencing law.[4]

22.  The Sentencing Guidelines which were mandatory when Mr. Baldwin was originally sentenced are now advisory.  *United States v. Booker*, 543 U.S. 220 (2005).  The authority to reduce Mr. Baldwin's sentence on Count I of 4:96CR97 ERW, whether or not the Guideline sentencing range on Count I of 4:97CR475 ERW remains the same, grants the Court great latitude in re-shaping his total

---

[4] *See United States v. Booker,* 543 U.S. 220 (2005) (Guidelines are not mandatory); *Gall v. United States,* 552 U.S. 38 (2007)(Appellate courts may not presume that a sentence below the Federal Sentencing Guidelines advisory range is unreasonable); *Kimbrough v. United States,* 552 U.S. 85 (2007) (District courts are free to conclude that the Guidelines' crack cocaine/powder cocaine disparity yields sentences greater than necessary to comply with § 3553(a) requirements); *Dean v. United States,* 137 S. Ct. 1170, 1175 – 76 (2017) (Sentencing court may consider a sentence imposed under the mandatory minimum statute when calculating a just sentence for a predicate count).

sentence. Furthermore, in light of the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), the Court may take into account the consecutive 5 year term that is added on to the sentence due to the § 924(c) conviction in fashioning the sentence on the drug counts. In *Dean* the Supreme Court held that a sentencing Court has the authority to vary from an advisory Guidelines range of punishment one some counts in consideration of the mandatory 5 year sentence the Court is required to impose on another count under 18 U.S.C. § 924(c). *Id.*

23. A sentence of 188 months to run concurrent on both of the cocaine base Counts (Count I of 4:96CR97 ERW and Count I of 4:97CR475 ERW) would be the low end of the Career Offender Guidelines range on Count I of 4:96CR97 ERW, and a variance of 74 months on count I of 4:97CR475 ERW. With the additional 60 months for Count III of 4:97CR475 ERW, the total aggregate sentence would be 248 months, which Mr. Baldwin has already served.

WHEREFORE, it is respectfully requested that this Court re-sentence Aaron Baldwin under the First Step Act to Time Served, followed by a term of supervised release.

Respectfully submitted,

*/s/ Lee Lawless*
Lee Lawless
Federal Public Defender
1010 Market, Suite 200
Saint Louis, Missouri 63101
(314) 241-1255
Fax: (314) 421-3177
E-mail: Lee_Lawless@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2019, I transmitted the foregoing Motion using the CM/ECF system, to the following ECF registrants:

Clerk of Court
Thomas Eagleton U.S. Courthouse
111 N. 10th Street

8

Saint Louis, MO.  63102

AUSA Tiffany Becker
111 N. 10th Street, 20th Floor
St. Louis, MO. 63102

Mr. Aaron Baldwin
Reg. No. 24843-044
FCI Beaumont Medium
P.O. Box 26040
Beaumont, TX 77720

                                            */s/Lee Lawless*
                                            Federal Public Defender
                                            Eastern District of Missouri