UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  4:96CR97 ERW |
| AARON BALDWIN, | ) ) | 4:97CR475 ERW |
| Defendant. | ) ) | |

## OBJECTION TO PROBATION REPORT – FIRST STEP ACT

Comes now Aaron Baldwin, through his attorney, Lee T. Lawless and Objects to the the United States Probation Office's Reduction Report of August 6, 2019, which concludes that Mr. Baldwin is not eligible for a sentence reduction under the First Step Act.  Doc. # 50.

The Probation Office's Report states that Mr. Baldwin is not eligible for a sentence reduction because "his guideline range remains the same." Doc. # 50 at 4.

The First Step Act allows this Court to impose a reduced sentence for a defendant who is serving a sentence for a "covered offense."  First Step Act § 404(b).  A "covered offense" is defined as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  *Id.* § 404(a).

Count I of Cause No. 4:96CR97 ERW charged Mr. Baldwin with Possession with Intent to Distribute 222.07 grams of cocaine base which at the time he was sentenced in 1998, was punishable under 21 U.S.C. § 841(b)(1)(A).   After the Fair Sentencing Act, this offense is punishable under 21 U.S.C. § 841(b)(1)(B).   The Fair Sentencing Act modified the statutory penalties for a violation of 21 U.S.C. § 841 by changing the quantity of

cocaine base that triggers the statutory maximum punishment of Life, to 280 grams. Public Law 111-220; 124 Stat. 2372.  Therefore, under the First Step Act § 404(a) he is eligible for a sentence reduction.  The modification to the statute applicable to his offense of conviction, also changes his Guidelines range of punishment.  He is eligible for re-sentencing under the First Step Act.  *See* Motion Under Section 404 of the First Step Act for Retroactive Reduction in Sentence.  Doc. # 49 at 3 – 4.

Mr. Baldwin has been in prison for 21 years.  During that time, both his father and his wife have died.  While in the Bureau of Prisons, he enhanced his education and job skills with courses that included vocational training in UNICOR Quality Assurance Inspection, Basic and Advanced Cable Courses, and OSHA.  (*See also,* sampling of additional certificates he received attached as Exhibit A).  He has worked for UNICOR at a number of institutions.  He participated in all drug treatment programs for which he is eligible.  With the exception of a non-violent violation in April,[1] and some early conduct issues many years ago, Mr. Baldwin's institutional adjustment has been very good.  He has a home plan with his brother Keith Scott and plans to work part-time in a warehouse as a forklift driver while he pursues a career in Quality Assurance Inspection.   His current projected release date is September 19, 2022.

WHEREFORE, it is respectfully requested that the Court reduce Mr. Baldwin's sentence to time served.

Respectfully submitted,

---

[1] In April 2019, Mr. Baldwin was found guilty of destroying what a prison guard believed was a homemade tobacco pipe by flushing it down a toilet.  This offense did not involve any acts of violence.

2

*/s/ Lee Lawless*
Lee Lawless
Federal Public Defender
1010 Market, Suite 200
Saint Louis, Missouri 63101
(314) 241-1255
Fax: (314) 421-3177
E-mail: Lee_Lawless@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, I transmitted the foregoing Motion using the CM/ECF system, to the following ECF registrants:

Clerk of Court
Thomas Eagleton U.S. Courthouse
111 N. 10th Street
Saint Louis, MO.  63102

AUSA Tiffany Becker
111 N. 10th Street, 20th Floor
St. Louis, MO. 63102

*/s/Lee Lawless*
Federal Public Defender
Eastern District of

3